**UNITED STATES of America ex rel. Noah W. ALTIZER**

v.

**Edward J. HENDRICK, Superintendent of County Prisons.**

Misc. No. 2345.

United States District Court E. D. Pennsylvania.

Dec. 26, 1961.

Lee B. Sacks, Philadelphia, Pa., for plaintiff.

James C. Crumlish, Jr., Dist. Atty., Philadelphia, Pa., for defendant.

LUONGO, District Judge.

On July 11, 1960, petitioner was convicted and sentenced in the State Court on charges of prostitution and assignation, sodomy and possession of burglary tools. He was convicted, and sentence was suspended on charges of solicitation to commit sodomy, pandering, and fornication. He was found not guilty on the charge of corrupting morals of a minor.

Following the convictions and sentencing, petitioner moved in arrest of judgment, which was denied. He appealed to the Superior Court of Pennsylvania but the appeal was denied since it had been filed out of time. Thereafter, a petition for writ of habeas corpus was filed in the Court of Quarter Sessions, later withdrawn, according to the allegations of the instant petition, upon the advice of counsel.

Petitioner seeks to raise here two issues. First, that he was convicted on evidence obtained by illegal search and, second, that he was convicted of certain of the crimes above enumerated without evidence as to the date or place of the commission of the alleged acts.

It is apparent from the above resume of the State Court proceedings that petitioner has not exhausted his state remedies. It has been held that failure to file an appeal within the time permitted constitutes a failure to exhaust state remedies, United States ex rel. Hill v. Myers, 198 F.Supp. 120 (D.C. E.D.Pa.1961). Further, it is apparent that petitioner had further procedures available in the State Court, including application for allowance of appeal to the Pennsylvania Supreme Court. He also had available, and still has available, habeas corpus proceedings in the State Court. Petitioner was apparently aware of that but voluntarily withdrew the habeas corpus proceedings in favor of the instant petition. His counsel's explanation, i. e. that it would have been fruitless to pursue the habeas corpus proceedings in the State Court in light of the refusal of the Superior Court of Pennsylvania to hear an appeal that had been untimely filed, cannot be accepted by this court. The State Courts are entitled to have presented to them for their consideration the questions which petitioner seeks to raise in this court. Until the State Courts have had that opportunity, resort may not be had to this court.

### Order

And Now, to wit, this 26th day of December, 1961, it is Ordered, Adjudged and Decreed that the petition for writ of habeas corpus is Dismissed and the writ Denied.